UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Leon Muldrow, | ) C/A No. 4:12-2435-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **Partial Summary Dismissal** |
| S.C. Dept. of Probation, Parole, and Pardon | ) |
| Services; Florence County Dept. of Probation, | ) |
| Parole, and Pardon Services; Agent Kelly | ) |
| Bogan; Kelly Bogan's Superiors; Florence Co. | ) |
| Solicitor's Office; and David Allen Collins, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Edward Leon Muldrow, ("Plaintiff"), proceeding *pro se*, brings this civil action

against Defendants seeking monetary damages.  This matter is before the undersigned United States

Magistrate Judge for report and recommendation, following pre-service review pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  Plaintiff files this action *in forma pauperis*

under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the

undersigned recommends that it be partially summarily dismissed, without prejudice and without

issuance and service of process, as to four of the six Defendants, *i.e.* the S.C. Dept. of Probation,

Parole, and Pardon Services ("SCDPPPS"), the Florence County Dept. of Probation, Parole, and

Pardon Services, the Florence Co. Solicitor's Office, and Kelly Bogan's Superiors.  Plaintiff's

Complaint, insofar as it seeks relief against the two remaining Defendants, *i.e.* Agent Kelly Bogan

and David Allen Collins, in their individual capacities, should be served.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* Complaint.  This review has been conducted in light of the following precedents: *Denton*

*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district

2

court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff filed his Complaint in this case on August 22, 2012, naming as Defendants the S.C. Dept. of Probation, Parole, and Pardon Services; the Florence County Dept. of Probation, Parole, and Pardon Services; Agent Kelly Bogan; Kelly Bogan's Superiors; and the Florence Co. Solicitor's Office. *See* ECF No. 1. However, the case was not in proper form because Plaintiff did not submit proposed service documents for any of the named Defendants. By Order dated September 14, 2012 (ECF No. 11), Plaintiff's Motion for Leave to Proceed in *forma pauperis* (ECF No. 2) was granted, and Plaintiff was directed to provide proposed service documents (summonses and Forms USM-285) for the Defendants. With regard to the Defendants designated as "Kelly Bogan's Superiors," the Proper Form order advised Plaintiff that:

> Although a litigant may bring suit against unknown persons, the Complaint fails to provide sufficient specific information to identify these unknown persons against whom Plaintiff intends to bring suit. A summons and/or Form USM-285 containing only a generic and/or collective "name" such as "Kelly Bogan's Superiors," rather than the names of specific "persons," does not provide sufficient information for the

3

> United States Marshal to serve the summons and Complaint on these unknown Defendants. If Plaintiff does not provide the court with additional sufficient, particularized information to identify each of "Kelly Bogan's Superiors" against whom Plaintiff intends to bring suit, the Complaint will be subject to dismissal as to these Defendants.

ECF No. 11, p. 2. On October 4, 2012, in response to the Proper Form Order, Plaintiff submitted proposed service documents in which he identified "Kelly Bogan's Superiors" as David Allen Collins, in the Florence County Office of the [S.C.] Department of Probation, Parole, and Pardon Services. *See* ECF No. 16, p. 1, 8. Plaintiff also submitted proposed service documents for Defendants the S.C. Dept. of Probation, Parole, and Pardon Services, the Florence County Dept. of Probation, Parole, and Pardon Services, Agent Kelly Bogan, and the Florence Co. Solicitor's Office. *See* ECF No. 16, p. 2-7, 9-10. Additionally, Plaintiff submitted a notice of change of address, in compliance with the provisions of the Proper Form Order. *See* ECF No. 15.

Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that he was falsely arrested, falsely imprisoned, and maliciously prosecuted on a parole violation charge, in derogation of Plaintiff's rights under the United States Constitution. Plaintiff alleges that SCDPPS Agent Kelly Bogan and "Kelly Bogan's Supervisors"- now more precisely identified as David Allen Collins - issued a fraudulent arrest warrant claiming that Plaintiff violated his parole by failing to pay supervision fees for his community supervision program when, in fact, Petitioner had paid the fees a few days before the warrant was issued. Petitioner alleges that the parole violation warrant was "recalled," *i.e.* dismissed, after Petitioner had spent 10 ½ months in jail, between March 7, 2011 and January 11, 2012. *See* ECF No. 1-1, p. 7-20. Plaintiff seeks compensatory and punitive damages. *See* ECF No. 101, p. 55-56.

4

## DISCUSSION

Plaintiff's Complaint, insofar as it alleges a claim for violation of Plaintiff's federal constitutional rights under 42 U.S.C. § 1983[1] and/or supplemental state-law constitutional and tort claims against Defendants Agent Kelly Bogan and David Allen Collins in their individual capacities, makes sufficient specific factual allegations to survive summary dismissal under 28 U.S.C. § 1915 and to allow prosecution of this case against these two Defendants.[2]  Plaintiff's Complaint, insofar as it attempts to assert a § 1983 claim and/or supplemental state-law constitutional and tort claims against Defendants the S.C. Dept. of Probation, Parole, and Pardon Services; the Florence County

---

[1]  Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law."  *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996).  To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

[2]  Plaintiff's claims for monetary damages against Defendants Agent Kelly Bogan and David Allen Collins, in their official capacities, are subject to summary dismissal under *Hafer v. Melo*, 502 U.S. 21 (1991) and *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), because state officials sued for damages under § 1983 in their official capacities are not "persons" for purposes of the suit, since they assume the identity of the government that employs them.  In *Hafer*, the United States Supreme Court noted that a suit against a state official in his official capacity should be treated as a suit against the State.  *Hafer*, 502 U.S. at 25.  The court stated that "official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159 (1985)).  A defendant who is sued in an official capacity action is entitled to the immunities that the governmental entity possesses.  Thus, Plaintiff's claims for monetary damages against these two individual Defendants in their official capacities are barred by Eleventh Amendment immunity, and Plaintiff's claims for monetary damages against Defendants Bogan and Collins may proceed at this point only against them in their individual capacities.

Dept. of Probation, Parole, and Pardon Services; Kelly Bogan's Superiors; and the Florence Co. Solicitor's Office, should be summarily dismissed.

Defendant S.C. Dept. of Probation, Parole, and Pardon Services ("SCDPPPS") is an agency of the State of South Carolina. *See* S.C. Code § 24-21-5 *et seq.*; *see also* http://www.dppps.sc.gov/history.html (last visited Jan. 28, 2013). The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[3] *See Alden v. Maine*, 527 U.S. 706, 713 (1999) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996) (Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); *Blatchford v. Native Village of Noatak & Circle Village*, 501 U.S. 775, 786 (1991) (Congressional power to abrogate Eleventh Amendment immunity can only be exercised by clear legislative intent); *see also Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 743 (2002) (state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury,

---

[3] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived it's immunity[4] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. When § 1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. § 1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). Plaintiff's claim for monetary damages against Defendant S.C. Dept. of Probation, Parole, and Pardon Services is, therefore, barred by Defendant's Eleventh Amendment immunity. *See McCants v. Glover*, C/A No. 1:10-2285-HFF-SVH, 2011 U.S. Dist. LEXIS 48283, 2011 WL   (D.S.C.); *Brown v. Lemacks*, C/A No. 8:09-2160-CMC-BHH, 2009 U.S. Dist. LEXIS 101215, 2009 WL (D.S.C. 2010); *see also Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed).

Additionally, to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. *See* 42 U.S.C. § 1983. In the case of *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution, and expressly held that the states are not "persons" within the meaning of § 1983.

---

[4] The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

Because the Eleventh Amendment provides an absolute immunity for the states against all suits, the "person" referred to in § 1983 cannot include a state or any divisions of a state. Consequently, the SCDPPPS is entitled to summary dismissal on this basis as well.

Additionally, it is well-settled that use of the term "medical staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000). Accordingly, because Defendant "Kelly Bogan's Superiors" is not an adequately named Defendant, and because "Kelly Bogan's Superiors" has now been properly identified by Plaintiff as David Allen Collins, the Defendant "Kelly Bogan's Superiors" should be summarily dismissed from this action and terminated as a Defendant on the docket in this case.

As to Defendant Florence County Dept. of Probation, Parole, and Pardon Services, Plaintiff's Complaint fails to name an actual entity amenable to Plaintiff's § 1983 claim for damages in this case. As noted above, the Department of Probation, Parole, and Pardon Services is a *state agency* of the State of South Carolina. The Field Operations Division of the SCDPPPS supervises offenders under the Department's jurisdiction through staff in 46 county offices and four county satellite offices (Beaufort, Berkeley, Dorchester, and York counties). *See* http://www.dppps.sc.gov/structure.html (last visited Jan. 28, 2013); *In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that

postings on government websites are inherently authentic or self-authenticating).  There is no such entity as the Florence County Dept. of Probation, Parole, and Pardon Services.

To the extent that Plaintiff's Complaint attempts to assert the liability of Florence County for Plaintiff's alleged unlawful arrest and incarceration for a parole violation, Plaintiff fails to state a claim against Florence County.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).  However, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694); *see also Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'") (citing *Monell*, 436 U.S. at 694).  Plaintiff's Complaint does not allege that wrongful acts were done in furtherance of any policy, custom, or practice of Florence County, which has no authority over the SCDPPPS.

As to Defendant Florence Co. Solicitor's Office, it is well-settled in the Fourth Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377 (4th Cir. 1996), and whether or not to go forward with a prosecution.  *Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997).  Thus Plaintiff's claim against Defendant Florence Co. Solicitor's Office is barred by absolute prosecutorial immunity.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is

an immunity from suit rather than a mere defense to liability"). Even if absolute prosecutorial immunity did not bar Plaintiff's suit against Defendant Florence Co. Solicitor's Office, Plaintiff's claim for monetary damages against this Defendant would still be barred by Eleventh Amendment immunity. This District Court has previously held that a Circuit Solicitor's Office is an integral part of the State of South Carolina and is thus immune from a suit for damages under the Eleventh Amendment to the United States Constitution. *See Olszowy v. Schmutz*, C.A. No. 9:09-01662-PMD-BM, 2009 U.S. Dist. LEXIS 102222 at *14 (D.S.C. Nov. 3, 2009) (the Ninth Judicial Circuit Solicitor's office is an integral part of the State of South Carolina and is immune from a § 1983 suit under the Eleventh Amendment) (citing *Williams v. State of South Carolina*, C/A No. 0:06-2590-CMC-BM Report & Recommendation (D.S.C. Nov. 13, 2006) adopted and incorporated by reference in 2006 U.S. Dist. LEXIS 93287 (D.S.C. Dec. 22, 2006)) (since the Third Judicial Circuit Solicitor's Office is an integral part of the State of South Carolina, it also has Eleventh Amendment immunity).

### RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's Complaint be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendants S.C. Dept. of Probation, Parole, and Pardon Services, Florence County Dept. of Probation, Parole, and Pardon Services, Kelly Bogan's Superiors, Florence Co. Solicitor's Office and Kelly Bogan and David Allen Collins in their official capacities only. Plaintiff's Complaint should be served as to Bogan and Collins in their individual capacities. Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III

April 4, 2013                                    Thomas E. Rogers, III
Florence, South Carolina                   United States Magistrate Judge

10

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).