IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Edward Leon Muldrow, ) | Civil Action No.: 4:12-cv-02435-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| S.C. Dept. of Probation, Parole, and ) | |
| Pardon Services; Florence County ) | |
| Dept. of Probation, Parole, and ) | |
| Pardon Services; Agent Kelly ) | |
| Bogan; Kelly Bogan's Superiors; ) | |
| Florence Co. Solicitor's Office; and ) | |
| David Allen Collins, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Edward Leon Muldrow, proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that the above-referenced Defendants violated his constitutional rights when they arrested him for a parole violation he did not commit. The matter is now before the Court after the issuance of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III.[1]  In the R&R, the Magistrate Judge recommends that the Court dismiss all Defendants except Defendants Agent Kelly Bogan and David Allen Collins in their individual capacities.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

Plaintiff did not timely file his objections to the Magistrate Judge's R&R. Plaintiff's objections were due on April 22, 2013; however, they were filed with the Court on April 23, 2013. The right to de novo review may be waived by the failure to file timely objections. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citing Webb v. Califano, 468 F. Supp. 825, 831 (C.D. Cal. 1979) ("[T]he failure . . . to file timely objections to the proposed findings and recommendations has the result that this court is not under a mandatory obligation to review those proposals de novo."). Indeed, the Court is obligated to review only for clear error in the absence of a timely filed objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error.[2] Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

**IT IS THEREFORE ORDERED** that that all claims against Defendants S.C. Dept. of Probation, Parole, and Pardon Services; Florence County Dept. of Probation, Parole, and Pardon Services; Kelly Bogan's Superiors; and Florence Co. Solicitor's Office are **DISMISSED** without prejudice. Plaintiff's claims against Defendants Agent Kelly Bogan and David Allen Collins are **DISMISSED** without prejudice to the extent the claims are alleged against the two Defendants in their official capacities.

---

[2] The Court has, out of an abundance of caution, also reviewed Plaintiff's untimely objections and finds they are without merit.

**IT IS SO ORDERED.**

                                                                s/ R. Bryan Harwell  
                                                                R. Bryan Harwell  
                                                                United States District Judge

Florence, South Carolina  
June 12, 2013