UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| EDWARD LEON MULDROW, ) | Civil Action No.: 4:12-cv-2435-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| SC DEP'T OF PROBATION, PAROLE ) | |
| AND PARDON SERVICES, FLORENCE ) | |
| COUNTY DEP'T OF PROBATION, ) | |
| PAROLE AND PARDON SERVICES, ) | |
| AGENT KELLY BOGAN, FLORENCE ) | |
| COUNTY SOLICITOR'S OFFICE, and ) | |
| DAVID ALLEN COLLINS, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. The only remaining Defendants in this action are Agent Kelly Bogan and David Allen Collins in their individual capacities. All other Defendants were dismissed by Order (Document # 47) dated June 12, 2013. Presently before the Court is Defendants Bogan and Collins' Motion for Summary Judgment (Document # 53). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion for Summary Judgment could result in the dismissal of his claims. Plaintiff filed a Response (Document # 61) on October 4, 2013.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II.    FACTS

Plaintiff plead guilty to second offense distribution of crack cocaine and was sentenced in 2000. Upon his release, he was required to participate in community service supervised by the Department of Probation, Pardon, and Parole (PPP). See Complaint. Certain conditions were required in this program. See Community Supervision Program Certificate. Plaintiff contends he was wrongly charged with failure to pay fees for this service and detained on a warrant for that failure. He claims that PPP did not properly account for his payments.  See Complaint. He contends Agent Kelly Bogan and her supervisor, Alan Collins, committed fraud against him, and that he was falsely arrested, prosecuted and imprisoned. Id.

The record reveals that Plaintiff was behind in his payment of supervision fees and drug test fees and PPP obtained a warrant for his arrest for failure to comply with the conditions of his parole on January 12, 2011.   See Ledger Report, Shillingburg Affidavit, Warrant dated 1/12/11. Subsequently, on February 4, 2011, Plaintiff made a payment of $232.00 and received a receipt indicating a zero balance in his "Regular Supervision" account.  Receipt dated 2/4/11 (Ex. to Pl. Complaint).   Service of the warrant was attempted on February 15, 2011, at Plaintiff's last known residence, but he was not there.  See Ledger Report.  On March 7, 2011, Agent Bogan learned the Plaintiff was detained at the Florence County Detention Center on charges of possession of crack cocaine. He was served at the Detention Center the same day.  See Ledger Report, Shillingburg Affidavit, RAP sheet.

On April 27, 2011, at a PPP staff meeting, it was decided to withdraw the warrant as his case may not be expiring soon due to the new charges, giving him more time to bring the account current. See Ledger Report, Shillingburg Affidavit. Judge Nettles withdrew the warrant on June 16, 2011. Plaintiff remained incarcerated on his pending drug charge. The Detention Center was informed that this warrant was withdrawn on June 16, 2011.  See Ledger Report, Shillingburg Affidavit.

-3-

At a PPP staff meeting on January 11, 2012, a citation for parole violations was recommended based on his charge of possession with intent to distribute a drug other than crack cocaine near a school and possession of less that one gram of methamphetamines, as well as failing to pay his supervision fees. The balance at that time was one hundred dollars. See Ledger Report, Shillingburg Affidavit, Probation Citation.

On March 21, 2012, Plaintiff checked in at the PPP office and informed Agent Bogan he had been found not guilty of the drug charges at trial. He did not show up for his next scheduled office visit on April 29, 2012. A check of his apartment the next day revealed it was empty. Having had no further contact with the Plaintiff, at a PPP staff meeting on December 19, 2012, the citation was withdrawn because he was found not guilty of the drug charge. The remaining one hundred dollar balance was waived and his case allowed to expire. Judge Brown withdrew the charge on January 11, 2013. See Ledger Report, Shillingburg Affidavit, Transaction Ledger. At no time was Plaintiff detained on a violation of parole charge. Shillingburg Affidavit.

## III.    STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could

reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324.  Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### IV.    DISCUSSION

####    A.    42 U.S.C. § 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

In his Response, Plaintiff asserts that Defendants' actions violated his equal protection rights, and that he was subject to false arrest in violation of the Fourth Amendment. To succeed on an equal protection claim under the Fourteenth Amendment, Plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir.2001). However, Plaintiff fails to put forth evidence that he has been treated differently from others with whom he is similarly situated. Accordingly, this claim is without merit.

Next, to establish a claim for false arrest in violation of the Fourth Amendment, a plaintiff must show that the arrest was made without probable cause. See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir.2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir.2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir.1996). An arrest made pursuant to a facially valid warrant will not support a claim for false arrest/imprisonment under the Fourth Amendment. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir.1998) (holding that "a claim for false arrest may be considered only when no arrest warrant has been obtained"). Plaintiff does not argue that the warrant was not valid on its face. Furthermore, Plaintiff fails to make a sufficient showing that the warrant was fraudulently obtained. See Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir.2007) (requiring a showing that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading"). Therefore, summary judgment is appropriate.

**B.     State Law Claims**

Plaintiff asserts that Defendants violated his state constitutional right not to be imprisoned for

a debt as well as other state statutory violations. However, if the district judge accepts this Report and Recommendation, the original federal jurisdiction claims will be dismissed and the only remaining claims will be Plaintiff's state law claims. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). Therefore, the undersigned recommends that the district judge decline to retain jurisdiction over Plaintiff's state law claims.

**V.     CONCLUSION**

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment (Document # 53) be granted and this case dismissed in its entirety.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

February 6, 2014
Florence, South Carolina

**The parties are directed to the important information on the following page.**